# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 1 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CARLOS GARCIA, § | |
|    Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-98-080 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE'S INSTITUTIONAL DIVISION, § | |
|    Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Carlos Garcia ("Garcia"), an inmate in the Texas prison system, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 9, 1998, (Docket No. 1). On April 20, 1999, the State of Texas filed a Motion for Summary Judgment (Docket No. 10). For the reasons set forth below, this Motion should be granted and Garcia's petition dismissed.

## BACKGROUND

According to the State, Garcia is incarcerated in the Willacy County State Jail Facility. He was first convicted of forgery in Harris County on July 22, 1987, (Exhibit "A" to Docket No. 10). He was placed on probation for three years. While on probation he was convicted of injury to a child on October 11, 1989. (Exhibit "B" to Docket No. 10). He was sentenced to eight years confinement. His probation in the forgery case was revoked, and he was sentenced to three years to be served concurrently with the eight year sentence.

On February 13, 1990, Garcia was released on parole after serving four months of his sentence. On November 1, 1995, Garcia's parole was revoked.

On August 7, 1997, Garcia was charged with violating prison rules for soliciting assistance from an officer. He wrote a letter to a female guard indicating his interest in a personal relationship with her. (Exhibit "E" to Docket No. 10). Garcia was found guilty of violating prison rules. His punishment was as follows:

1. Forty-five days cell restriction;

2. Forty-five days forfeiture of commissary and recreational privileges;

3. Suspension of contact visits;

4. Reduction in class status from S-3 to Line-1; and

5. Forfeiture of 545 days of good time credit.

Garcia has exhausted the internal administrative appeals process.

## THE § 2254 PETITION

In his petition, Garcia argues that his punishment is cruel and excessive and violates the Eight Amendment.

Garcia also makes the following due process arguments with respect to his disciplinary hearing:

1. He received the maximum allowable punishment when prison rules state that punishment should be based on the offense and the inmate's past disciplinary record;

2. The hearing officer participated in the investigation of the charges;

3. Garcia's request for a witness was denied; and

4. Garcia's request to confront his accuser was denied.

## RECOMMENDATION

Garcia's Eight Amendment complaint implicates the condition of his imprisonment, not

2

the fact or duration of his imprisonment. This type of complaint is not an Eighth Amendment complaint, which can be brought in a habeas action. *Cook v. Texas Department of Criminal Justice Transitional Planning Department,* 37 F.3d 166, 168 (5th Cir. 1994), *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995) *cert. denied,* 516 U.S. 1057 (1996).

Garcia's complaint that his punishment was too severe is without merit. He does not challenge the fact that the punishment was within the disciplinary rules promulgated by Texas Department of Correction. The Fifth Circuit teaches that in a case such as this Garcia would have to show that the sentence amounted to an arbitrary and capricious abuse of discretion. *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir. 1987). Applying the deferential standard mandated by *Bell v. Wolfish,* 441 U.S. 520, 547 (1979), this court finds that Garcia's punishment was within the range mandated by the TDCJ and was appropriate. Condoning flirtatious inappropriate behavior by prisoners toward guards would be detrimental to prison discipline.

Garcia's punishment with respect to the loss of good time credits does not extend his sentence. It effects his eligibility for parole Tex. Gov't. Code § 498.003(a). There is no constitutionally protected right to parole. *Johnson v. Rodriguez,* 110 F.3d 299, 308, 309 (5th Cir. 1997) *cert. denied* ----U.S.----, 118 S.Ct. 559 (1997).

Garcia complains that his hearing was flawed by the denial of his right to call a witness, Lorenzo Martinez. The audio tape submitted by the State quoted on pp. 12-13 of the State's Motion for Summary Judgment (Docket No. 10) shows that Garcia and his representative had discussed calling witnesses prior to the hearing but had decided not to. The hearing officer properly held that a request to call a witness during the hearing was not timely.

There is no evidence to support the constitutionally protected claims Garcia makes.

3

IT IS THEREFORE **RECOMMENDED** that the State's Motion for Summary Judgment be **GRANTED** and that Carlos Garcia's Habeas Petition be **DISMISSED**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 31st day of August 1999.

_____
John Wm. Black
United States Magistrate Judge